IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR 12-4-H-DWM |
|---|---|
| Plaintiff, | |
| vs. | |
| DOUGLAS EDWARD HEATH, | ORDER |
| Defendant. | |

Before the Court are Defendant Douglas Edward Heath's "Motion to Suppress or Dismiss" and the government's unopposed motion for leave to file under seal the unredacted discovery related to the government's response to Heath's motion.

**I. Heath's motion**

Relying on *United States v. Jones*, ___ U.S. ___, 132 S.Ct. 945 (2012), Heath alleges law enforcement violated his rights by monitoring his movements without a warrant through the use of a GPS tracking device. Acting at the behest of an agent of the Department of Homeland Security Investigations, a Missouri River Drug Task Force officer in Montana placed a GPS device on a car that

Heath had reserved to rent. The device was used March 25, 2010, through March 28, 2011, and then retrieved by the officer. Law enforcement followed the car to a Helena address and tracked the car as it was driven to Spokane, Washington, Ellenburg, Washington, and toward Yakima, Washington. Heath seeks to suppress all the evidence in his case, alleging it was identified through the unlawful use of the GPS tracking device.

*United States v. Jones* was decided on January 23, 2012, 132 S.Ct. 945, several months after the GPS monitoring occurred in this case. In *Jones*, the Supreme Court held that the use of a GPS devise on a vehicle to monitor a suspect's movements constitutes a search under the Fourth Amendment and so requires a warrant. *Id.* at 949. This decision overruled Ninth Circuit appellate precedent, which did not require that law enforcement obtain a warrant prior to installing a GPS tracking device. *See United States v. Pineda-Moreno*, 591 F.3d 121 (9th Cir. 2010) *vacated*, 132 S.Ct. 1533 (2012); and *United States v. McIver*, 186 F.3d 1119, 1127 (9th Cir.1999).

Unfortunately for Heath, the *Jones* decision is not retroactive. In *Davis v. United States*, ___ U.S. ___, 131 S.Ct. 2419 (2011), the Supreme Court held that "searches conducted in objectively reasonable reliance on binding appellate precedent [that is later overruled] are not subject to the exclusionary rule" because

2

[e]xcluding evidence in such cases deters no police misconduct and imposes substantial social costs." *Id.* at 2422, 2434. Police officers arresting Davis had conducted a vehicle search incident to arrest. The search occurred two years prior to the Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332 (2009), which narrowed the circumstances when such a search may be conducted without a warrant. *Id.* at 2425. When Davis sought to exclude the evidence that resulted from the search based on *Gant*, the Supreme Court declined to "set the criminal free because the constable has scrupulously adhered to governing law" that was in place at the time. *Id.* at 2434.

Similarly, here, there is no evidence that officers did anything but act in an good faith reliance on existing federal law, and given that law, their reliance is objectively reasonable. Heath's allegation that officers did obtain a warrant for a GPS tracking device at another time does not change the binding precedent upon which they relied here. Accordingly, the evidence in Heath's case is not subject to the exclusionary rule.

## II. The government's motion

The government moves for leave to file under seal the unredacted discovery related to the government's response to Defendant Douglas Edward Heath's Motion to Suppress or Dismiss. Based on the reasoning set forth above, the

information has no bearing on this case, and the documents do not need to be filed.

Accordingly, IT IS HEREBY ORDERED that the government's motion (doc. 39) is DENIED as moot. The documents are not to be filed.

IT IS FURTHER ORDERED that Heath's motion to suppress or dismiss (doc. 35) is DENIED. Heath's "placeholder" Motion in Limine filed February 28, 2012 on the same grounds (doc. 29) is DENIED for the same reasons.

DATED this 3rd day of May 2012.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT